

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00449-CR

---

DUSTIN COLE CLEARMAN                                                        APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

### FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY
### TRIAL COURT NO. 57,414-B

----------

## MEMORANDUM OPINION[1]

----------

Appellant Dustin Cole Clearman pleaded guilty to theft of property under $2,500 with two prior theft convictions, a state-jail felony.[2] *See* Tex. Penal Code Ann. § 31.03(e)(4)(D) (West Supp. 2017). The trial court impliedly found him guilty and sentenced him to one year in the state-jail division of the Texas

---

[1]*See* Tex. R. App. P. 47.4.

[2]Clearman admitted getting caught stealing an $8 light from a Walmart.

Department of Criminal Justice.[3] Appellant's court-appointed appellate attorney has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 87 S. Ct. 1396 (1967); *see In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding) (analyzing the effect of *Anders*). Although Appellant was given an opportunity to file a pro se response to the *Anders* brief, he has not done so, nor has the State filed a brief in response to the *Anders* brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court must independently examine the record to see if any arguable ground may be raised on his behalf. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We also consider the briefs and any pro se response. *See Schulman*, 252 S.W.3d at 408–09. Only after we conduct our own examination to determine whether counsel has correctly assessed the case may we grant his motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

---

[3]There is no express guilty finding. The trial court, however, assessed punishment and signed a written judgment. *See Holeman v. State*, No. 06-13-00191-CR, 2014 WL 860336, at *2 (Tex. App.—Texarkana Mar. 4, 2014, no pet.) (mem. op., not designated for publication) (holding that assessing punishment and entering written guilty judgment implied rendition of guilt).

We have carefully reviewed counsel's brief and the record. We agree with counsel that this appeal is wholly frivolous and without merit, and we find nothing in the record that arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  KERR, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  May 24, 2018